Buta v. Holder
BIA
A074 855 818

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**
<u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of July, two thousand twelve.

PRESENT:
　　　　RALPH K. WINTER,
　　　　JOSÉ A. CABRANES,
　　　　ROBERT D. SACK,
　　　　　　*Circuit Judges.*

_____

ALEXANDRA BUTA,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　11-4789
　　　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　Charles Christophe, Christophe Law Group, P.C., New York, NY.

FOR RESPONDENT:　　　Stuart F. Delery, Acting Assistant Attorney General; Edward J. Duffy, Senior Litigation Counsel; Zoe J. Heller, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alexandra Buta, a native and citizen of Albania, seeks review of a November 7, 2011, decision of the BIA denying her motion to reopen her removal proceedings. *In re Alexandra Buta*, No. A074 855 818 (B.I.A. Nov. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered and is permitted to file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Buta's second motion to reopen, filed in May 2011, was untimely and number-barred, because the BIA issued a final order of removal in November 2002.

Buta contends, however, that she established a material change in conditions excusing the untimely and number-barred

motion, based on an increase in violent attacks and human trafficking targeting ethnic Greeks and members of the Greek Orthodox religion in Albania. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

The BIA did not abuse its discretion in finding that conditions for ethnic Greeks and members of the Greek Orthodox religion had not materially changed in Albania. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). While Buta argues that she established a material increase in human trafficking through Dr. Bernd J. Fischer's statement, the BIA reasonably concluded that human trafficking had been an ongoing problem since the time of Buta's 2000 merits hearing. *See Xiao Ji Chen v. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compares the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing

below."). Indeed, the BIA explicitly noted that Dr. Fischer's statement – which discussed a 2000 report from the Albanian government noting that 30,000 Albanian sex workers were then working abroad – indicated that human trafficking had been an ongoing problem since at least 2000.

While Buta takes issue with the BIA's determination that Dr. Fischer's statement reflected a continuation rather than a material increase in human trafficking, where, as here, the BIA's inference "is tethered to the evidentiary record, we will accord deference to the finding." *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (finding that "support for a contrary inference – even one more plausible or more natural – does not suggest error"). Moreover, although Buta asserts that the BIA erred in finding that there was no evidence that ethnic Greeks or members of the Greek Orthodox religion are targeted for human trafficking in Albania, she has failed to specifically identify any evidence allegedly overlooked by the BIA. *See Xiao Ji Chen*, 471 F.3d at 337 n.17 (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"); *see also* Fed. R. App. P. 28(a)(9)(A) (An appellant's opening brief must contain the "appellant's contentions and the reasons for them.").

4

Similarly, the BIA did not abuse its discretion in finding that Buta failed to demonstrate a material change in country conditions on the basis of the her evidence discussing the 2010 killing of ethnic Greek Aristotelis Goumas. *See Xiao Ji Chen*, 471 F.3d at 342. In considering this evidence, the BIA reasonably found that it was inconclusive as to the cause of Goumas's death. Indeed, Buta's evidence stated that an expert's investigation had found that Goumas was killed in a car accident, which he caused. We will accord deference to the finding. *See Siewe*, 480 F.3d at 168-69.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk